[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 23-12870

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ADAM WAYNE LEBOWITZ,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:07-cr-00195-RWS-JFK-1

————————————

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Adam Lebowitz appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and his motion for reconsideration of that denial. He asserts the court erred in finding that he was a danger to the community and that he failed to present extraordinary and compelling reasons to justify his release. The Government moved for summary affirmance, contending the court did not abuse its discretion in denying the motions because Lebowitz failed to establish extraordinary and compelling reasons, was a danger to the community, and the 18 U.S.C. § 3553(a) factors weighed against his release. After review,[1] we affirm.

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Bryant*, 996 F.3d 1243, 1251

---

[1] We review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination," makes clearly erroneous factual findings, or commits a clear error of judgment. *Harris*, 989 F.3d at 911-12 (quotation marks omitted).

(11th Cir. 2021).  As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

To grant a reduction under § 3582(c)(1)(A), a district court must find that three necessary conditions are satisfied, which are: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).  District courts do not need to address these three conditions in any particular sequence, as the absence of even one forecloses a sentence reduction. *Id.*

Summary affirmance is warranted because the Government's position is clearly correct as a matter of law. *See Groendyke*

4                        Opinion of the Court                    23-12870

*Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (explaining summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). Lebowitz forfeited any argument the court erred in weighing the § 3553(a) factors by failing to raise the argument in his initial brief. Where a defendant does not offer any argument regarding an issue on appeal, he is deemed to have forfeited that issue. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) (stating issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances). While Lebowitz makes a passing reference to the § 3553(a) factors within his discussion of the dangerousness issue, his passing reference is insufficient to raise the district court's weighing of the § 3553(a) factors on review. *See Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2013) (stating a party must plainly and prominently raise a claim or issue on appeal, and "[m]erely making passing references to a claim under different topical headings is insufficient. Instead, the party must clearly and unambiguously demarcate the specific claim and devote a discrete section of his argument to it, so the court may properly consider it."). Because Lebowitz failed to challenge one of the grounds on which the district court made its

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

decision, the court's judgment is due to be affirmed. *See United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014).

As such, we do not address whether the court abused its discretion in finding Lebowitz was a danger to the community or he failed to present extraordinary and compelling reasons to justify his release. *See Tinker*, 14 F.4th at 1237-38. Accordingly, because the Government's position is clearly correct as a matter of law, we GRANT the Government's motion for summary affirmance.[3] *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**

---

[3] We DENY the Government's motion to stay the briefing schedule as moot.